UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br><br>                                        Plaintiff,<br><br>                vs.<br><br>SERGEANT HAMPTON, et al.,<br><br>                                        Defendants. | Case No.:  3:19-cv-01332-CAB-WVG<br><br>**ORDER DENYING MOTION FOR<br>RECONSIDERATION**<br><br>**[ECF No. 18]** |

## I.      Procedural History

Lance Williams ("Plaintiff"), a prisoner incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2019. (*See* Compl., ECF No. 1.) Williams did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a certified copy of his prison trust account statement which

1

the Court liberally construed as a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On May 5, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP, DISMISSED claims and defendants for failing to state a claim, and gave Plaintiff the option to file an amended pleading or proceed with his First Amendment retaliation claims against Defendants Tiscornia, Hampton, Gonzalez, Grijalva, and Covello only. (ECF No. 14.)

Plaintiff chose the first option and filed his First Amended Complaint ("FAC") on June 5, 2020.  (ECF No. 15.)  On June 26, 2020, the Court dismissed claims and Defendants from Plaintiff's FAC for failing to state a claim and as frivolous and directed the United States Marshal's Service ("USMS") to effect service of the FAC on the remaining Defendants.  (ECF No. 16.)

On July 16, 2020, Plaintiff filed an "Objection to Screening" which the Court construes as a motion brought pursuant to Federal Rule of Civil Procedure 60.

## II.    Motion for Reconsideration

### A.    Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."   Fed.R.Civ.P. 60(c).   Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief.  Fed.R.Civ.P. 60(b).

### B.    Plaintiff's Motion

In Plaintiff's Motion, which is nearly thirty pages long, he objects to every finding made in the Court's June 26, 2020 Order which he claims were based on "bias, prejudice, and ignorance of law."  (ECF No. 18 ("Mot.") at 1.)

1       1.      Claims against Covello

Plaintiff claims that the Court "chose to protect" Covello by failing to find that Plaintiff had stated a retaliation claim against him. (Mot. at 2.) In Plaintiff's FAC, he alleged he appeared before a classification committee on July 11, 2019. (*See* FAC at 23.) The committee was comprised of Defendants Taylor-Garcia, Jackson, and Covello. (*See id.*) Plaintiff claims he was "entitled" to be transferred to one of two prisons "of his choice." (*Id.*) Plaintiff chose the California Rehabilitation Center ("CRC") "to be close to his family" and was "deprived of opportunity to choose a second prison" after requesting California Institution for Men ("CIM") as his "second choice." (*Id.*) Plaintiff claims Covello, "in retaliation," told Plaintiff that he was going to be sent to Valley State Prison ("VSP"). (*Id.*)

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, Plaintiff must allege Defendants took adverse action against him. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Watison*, 668 F.3d at 1114-15.

By Plaintiff's own admission, Covello took no "adverse action" against him. Plaintiff alleged that Covello told him he was going to be transferred to VSP where he claimed he would be subjected to "severe medical sickness." (FAC at 23.) However, Plaintiff acknowledged that he was not transferred to VSP. (*See id.* at 24.) Thus, Plaintiff has failed to allege a retaliation claim against Covello.

Plaintiff also claims the Court erred in finding that he failed to state a First Amendment retaliation claim against Defendant Schmell.  (*See* Mot. at 2.)  In the Court's June 26, 2020 Order, it was found that Plaintiff failed to state a claim against Schmell because he did not allege any facts to support the first element of a retaliation claim.  (*See* June 26, 2020 Order at 11.)  Specifically, Plaintiff never alleged that he was engaged in protected conduct against Schmell or that she was ever aware of Plaintiff engaging in protected conduct because he never filed a grievance against her or threatened to file a grievance against her prior to the alleged retaliatory actions.  (*See id.*)  He did not allege that she was aware of any grievance he may have filed against any prison official.  In his Motion, Plaintiff argues the first element of a retaliation claim against Schmell was "made moot by Schmell's threats and actions."  (Mot. at 2.)  Plaintiff claims that the Court was "right" to find that Plaintiff alleged Schmell's motivation to file an RVR against him was "due to Plaintiff's denial of her sexual advances" but he claims her motivation was also "to assist Lewis and Silva in their retaliation against Plaintiff."  (*Id.* at 3.)

However, Plaintiff's FAC is devoid of any specific factual allegation that Schmell authored the RVR because she was specifically aware of grievances he had filed against other Defendants.  However, Plaintiff specifically in his FAC that her motives for the alleged retaliatory actions "stem from Plaintiff denying Sophie Schmell's sexual advances towards him to obtain a personal relationship."  (FAC at 8.)

Plaintiff argues that the Court was incorrect, and he did, in fact, "file a complaint when the smoke blew away" against Schmell.  (Mot. at 3.)  In support of this claim, Plaintiff submits a grievance attached to his Motion.  (*See id.* at 11, CDCR 602 Log No. RJD-SC-19000046 dated June 13, 2019.) In this grievance, Plaintiff claims that he "received a fabricated RVR authorized by Sophie Schmell which was orchestrated with Sgt. F. Lewis and A. Silva in retaliation for my lawsuits and grievances on Lewis and

Silva and for me denying Sophie Schmell's advances." (*Id.*)  This grievance, as Plaintiff admits, comes *after* the alleged retaliation.  However, as the Court has previously stated, Plaintiff fails to allege that Schmell had any knowledge that he engaged in "protected conduct" against anyone *prior* to the alleged retaliatory actions and moreover, he fails to allege that she took any action due to exercise of his First Amendment rights or had any knowledge of grievances filed against other prison officials. He admits that he did not file a grievance against her prior to the issuance of the RVR and there are no allegations that he even threatened to file a grievance against her prior to the issuance of the RVR.  *See Entler v. Gregoire*, 872 F.3d 1031, 1039-40 (9th Cir. 2017) (Holding that both "verbal … [and] written [complaints or threats] to sue fall within the purview of the constitutionally protected right to file grievances.").

Plaintiff also disagrees with the Court's finding that Plaintiff had not stated a retaliation claim against Defendant Lewis.  (Mot. at 3.)  Specifically, the Court found that Plaintiff's only allegation against Lewis was the claim that Lewis "orchestrated" the RVR but "offers no other specific factual allegations as to how  Lewis was actually involved in the decision to issue the RVR."  (June 26, 2020 Order at 12.)  In his Motion, Plaintiff claims he "did give a specific detailed factual allegation how [Lewis] was involved in decision to issue RVR" as the FAC states that the "RVR was ORDERED written by Sgt. F. Lewis in retaliation for Plaintiff's 1st Amendment protected activity."  (Mot. at 3.)

However, Plaintiff's FAC actually alleges that Lewis "ordered" the RVR written and it "had numerous fabrications and Plaintiff's procedural due process in connection with the disciplinary proceedings were violated."  (FAC at 9.)  Plaintiff does not allege that Lewis "ordered" the RVR to be written in retaliation for exercising his First Amendment rights.

Next, Plaintiff argues that the Court should not have dismissed his Fourteenth Amendment due process claims.  (Mot. at 4.)  Plaintiff had a disciplinary hearing arising from the RVR issued by Silva and Lewis that was heard on May 23, 2019.  (*See* FAC at

34, Ex. C, "Disciplinary Hearing Results.")  Following this hearing, Plaintiff was assessed a thirty (30) day loss of credits.  (*Id.* at 39.)  However, Plaintiff further alleged that this RVR was "reissued/rehard" due to a finding that there was a high amount of "due process violations in Plaintiff's first disciplinary hearing." (*Id.* at 11.)  This rehearing resulted in a "not guilty" finding.  (*Id.*)

The Court found that Plaintiff's claims of due process violations arising from his first disciplinary hearing were moot in light of the grant of a new hearing which resulted in a not guilty verdict.  (*See* June 6, 2020 Order citing *Brown v. Marshall*, 2012 WL 12906131, *9 (E.D. Cal. Mar. 1, 2012) ("[P]laintiff's procedural due process claims related to ether his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him.")*;Shotwell v. Brandt*, 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (citing *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) for the finding that "the remedy for an unfair hearing is another hearing" and finding that "due process was satisfied when the results of the first disciplinary hearing were vacated, [and] the RVR was ordered reissued and reheard.").)

Plaintiff argues in his Motion that he lost good time credits and his "sentence was extended 30 days" as a result of the first disciplinary hearing.  (Mot. at 4.)  Plaintiff cites to "Exhibit C" attached to his FAC which does show he was initially assessed a thirty (30) day credit loss resulting from the initial guilty finding.  (*Id.*; FAC, Ex. C, at 34.)  However, this issue is whether his second disciplinary hearing rendered moot the potential due process violations that occurred in his first disciplinary hearing.  Plaintiff also attaches the disciplinary hearing results from his second disciplinary hearing to his FAC at which he was found "not guilty."  (*See* FAC, Ex. C-3, at 52.)  This document does not show that Plaintiff lost good time credits, yard or phone privileges.  (*Id.*)

Thus, Plaintiff did not allege that he suffered any loss of credits or that his sentence was extended as a result of the second disciplinary hearing.  *See Randolph v. Sandoval*,

2019 WL 2410469, *7 (E.D. Cal. June 7, 2019) (Finding no due process violation where "disciplinary proceedings were rendered moot by the subsequent not guilty finding" and the plaintiff did not lose credits, serve "additional time in segregation," or maintain a "disciplinary record for the alleged offenses after the RVRs were overturned."); *see also*, *Horne v. Coughlin*, 155 F.3d 26, 31, n. 3 (2nd Cir. 1998) (finding the plaintiff's due process claims with regard to his first hearing were rendered null after the findings and penalties were vacated and a new hearing ordered, and plaintiff suffered no loss of good time credits); *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (finding no injury after a due process violation in the plaintiff's first disciplinary hearing was subsequently corrected in the administrative appeals process and plaintiff's sentence was adjusted so that he served no additional time in segregation.)

Plaintiff also objects to the Court's dismissal of his purported denial of access to courts claims. (*See* Mot. at 5.) Plaintiff argues that he "asserted a timeline to justify why denial of access ran into the timeframe of May 23, 2019 to August 21, 2019" as he "needed law library and adequate assistance from person training in the law that he couldn't get." (*Id.*) Plaintiff listed a number of cases involving petitions for writ of habeas corpus and civil rights actions. (*See* FAC at 13-14.) The Court took judicial notice of each of these actions and found that many of them had been dismissed years or months before the time frame in which Plaintiff claims he was denied access to the courts. (*See* June 26, 2020 Order at 17-18.) Plaintiff argues that the Court "disregarded Plaintiff's actual injury claims" in all of the matters listed in his FAC. (Mot. at 6.)

As the Court informed Plaintiff in both the May 1, 2020 and June 26, 2020 screening Orders, he must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the

7

"inability to file a complaint or defend against a charge"). The Plaintiff did allege that he was unable to meet deadlines due to his claims of denial of access to the prison law library for a period of approximately ninety days.

However, as Plaintiff was also informed in these previous Orders, he must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Plaintiff has not provided the Court, despite two chances to do so, with the "nature and description" of the claims he brought in any of the habeas corpus or civil rights actions, nor the "non-frivolous" or "arguable" nature of those claims. *Id.* at 413-14. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision.  *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

## III.    Conclusion and Orders

For the reasons explained, the Court:

DENIES Plaintiff's Motion for Reconsideration (ECF No. 18).

**IT IS SO ORDERED**.

Dated:  August 18, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge