UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SERGEANT S. HAMPTON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-1332-CAB-WVG<br><br>**ORDER DENYING SECOND OBJECTION [Doc. No. 21]** |

　　　Pending before the Court is Plaintiff's "Second Objection to Screening, Motion to Recuse Current Judges, Notice of Complaint to Judicial Council and Notice of filing of Amended Complaint" (hereinafter the "Second Objection"). [Doc. No. 21.] For the reasons set forth below, the Second Objection is **DENIED**.

/ / / / /

/ / / / /

1

**I.     Procedural Background**

Lance Williams ("Plaintiff"), a prisoner incarcerated at California Men's Colony ("CMC") located in San Luis Obispo, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2019. [*See* Compl., Doc. No. 1.] Williams did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a certified copy of his prison trust account statement which the Court liberally construed as a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On September 13, 2019, this Court reviewed Plaintiff's Complaint as well as his litigation history and denied his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g). [*See* Doc. No. 5.] The Court identified seven prior federal civil actions and appeals filed by Plaintiff in federal court while he was incarcerated that were dismissed as frivolous or for failing to state a claim, and further found his Complaint contained no plausible allegations to suggest he faced "imminent danger of serious physical injury" at the time he filed it. [*See* Doc. No. 5 at 4-7.] Therefore, the Court dismissed Plaintiff's case without prejudice based on his failure to prepay the filing fees required by 28 U.S.C. § 1914(a). *Id.* at 7.

Plaintiff appealed, and on April 2, 2020, the Ninth Circuit reversed this Court's IFP determination and remanded the case for further proceedings. [Doc. No. 11.] The case was re-opened for further proceedings consistent with the Ninth Circuit's judgment.

On May 5, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP, DISMISSED claims and defendants for failing to state a claim, and gave Plaintiff the option to file an amended pleading or proceed with his First Amendment retaliation claims against Defendants Tiscornia, Hampton, Gonzalez, Grijalva, and Covello only. [Doc. No. 14.]

Plaintiff chose the first option and filed his First Amended Complaint ("FAC") on June 5, 2020.  [Doc. No. 15.]

On June 26, 2020, the Court issued an order dismissing claims and defendants for failing to state a claim and as frivolous and directing the U.S. Marshal to effect service of the FAC on the remaining defendants (hereinafter "the Court's June 26 Order"). [Doc. No. 16.]

On July 16, 2020, Plaintiff filed a motion for reconsideration of the Court's June 26 Order. [Doc. No. 18.] On August 18, 2020, the Court denied the motion for reconsideration. [Doc. No. 19.]

On September 14, 2020, Plaintiff filed the Second Objection. [Doc. No. 21.]

**II. Discussion**.

A. Second Objection.

Plaintiff continues to object to the Court's June 26 Order. For the reasons set forth in the order denying the motion for reconsideration, Plaintiff's "second" objections are **DENIED**. Plaintiff is free to appeal this Court's June 26 Order to the Ninth Circuit Court of Appeals at the appropriate time. In the meantime, this case will proceed on the FAC as to the remaining defendants, as set forth in the Court's June 26 Order. Plaintiff is reminded to complete the USM Form 285 as soon as possible and return it to the U.S. Marshal, so that service of the FAC may be accomplished timely. *See* Doc. No. 16 at 20-21.

B. Motion to Recuse; Notice of Complaint to Judicial Council.

Plaintiff requests that the current judges be recused from this case. However, being dissatisfied with the Court's rulings is not grounds for judicial recusal. *See* 28 U.S.C. §455(a); *Liteky v. United States*, 510 U.S. 540, 553 (1994). Plaintiff's assertion that he is going to file a complaint with the judicial council is also insufficient grounds for recusal. *Id.*

C. Notice of filing Amended Complaint.

Plaintiff has **NOT** been granted leave to file a Second Amended Complaint. If Plaintiff attempts to file a Second Amended Complaint, it will be rejected. In the

3

meantime, this case shall proceed on the FAC as to the remaining defendants, as set forth in the Court's June 26 Order. If the FAC is not timely served, the case will be subject to dismissal in its entirety.

### III. Conclusion.

For the reasons set forth above, the Second Objection is **DENIED**. Any further objections or motions for reconsideration of the Court's June 26 Order will be rejected.

**IT IS SO ORDERED**.

Dated:  September 15, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge